1  LORI A. BOWMAN, State Bar No.: 114664
   GLORIA C. JAN, State Bar No.: 165440
2  OGLETREE, DEAKINS, NASH, SMOAK & STEWART P.C.
   633 West Fifth Street, Suite 5300
3  Los Angeles, California 90071
   Telephone:  (213) 239-9800
4  Facsimile:   (213) 239-9045
   gloria.jan@ogletreedeakins.com
5
   Attorneys for Defendant
6  Roche Laboratories Inc.

7

8 <center>**UNITED STATES DISTRICT COURT**</center>

9 <center>**EASTERN DISTRICT OF CALIFORNIA**</center>

10

11  DOUGLAS SARUBBI,                         ) Case No.  2:05-cv-2294
                                             )
12          Plaintiff,                       )
                                             ) **STIPULATED PROTECTIVE**
13      vs.                                  ) **ORDER**
                                             )
14  ROCHE LABORATORIES, INC., and            )
    DOES 1 through 50 inclusive,             )
15                                           )
            Defendants.                      )
16                                           )
                                             )
17  _____)

18

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties request the Court to enter a Protective Order on the following terms:

1. If any party or third party is asked to disclose what they good faith believe embodies Confidential Information, these procedures shall be employed.

2. The term "Confidential Information" shall mean any information, or contents of any document or other material (including without limitation copies, interrogatory responses, transcripts, videos, and computer stored information) concerning parties or non-parties which has not been made public and which concerns or relates to processes, operations, business information, inventories, production, research, development, payroll, financial information, or medical information that the designating party contends and in good faith believes constitutes trade secret or other confidential or proprietary information, the disclosure of which may have the effect of causing harm to the person, firm, partnership, corporation, or the entity to which the confidential information relates or from which the confidential information was obtained, or which may have the effect of unduly imposing on the privacy interests of others. The term "Confidential Information" shall also include any documents or other information concerning witnesses (including but not limited to their names, identities, places of employment, addresses, telephone numbers, and any other contact information) who may face ridicule, harassment, or intimidation, if they are openly disclosed in this lawsuit. Any documents or other information that has not been preserved or maintained in a manner calculated to preserve its confidentiality may not be treated as Confidential Information.

3. In discovery, the parties may designate any Confidential Information as "Confidential" under the terms of this Order. Any documents or other information designated as "Confidential," copies thereof, and the information contained therein may be disclosed only to the Court and Court staff, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the qualified persons below:

1.

PDF created with pdfFactory trial version www.pdffactory.com

|   |     |                                                                           |
|---|-----|---------------------------------------------------------------------------|
| 1 | (a) | a party, or an officer, director, counsel, or other employee of a         |
| 2 |     | party deemed reasonably necessary by counsel to aid in the                |
| 3 |     | prosecution, defense, or settlement of this action;                       |
| 4 | (b) | experts or consultants (together with their clerical staff) retained      |
| 5 |     | by such counsel to assist in the prosecution, defense, or settlement      |
| 6 |     | of this action;                                                           |
| 7 | (c) | court reporters, including stenographers and video technicians,           |
| 8 |     | transcribing proceedings in this action;                                  |
| 9 | (d) | mediators or other ADR professionals retained or appointed to             |
|10 |     | assist in the resolution of this action;                                  |
|11 | (e) | a witness at any deposition or other proceeding in this action if         |
|12 |     | there is a good faith reason to believe that the witness (or the          |
|13 |     | employer of such a witness if upon a Rule 30(b)(6) deposition) has        |
|14 |     | previously seen the document, is familiar with the subject matter         |
|15 |     | of the document, or likely has knowledge or relevant information          |
|16 |     | regarding the document or information designated as Confidential;         |
|17 | (f) | authors, addressees and recipients of the Confidential Information;       |
|18 |     | and,                                                                      |
|19 | (g) | any other person as to whom the parties in writing agree.                 |

4. The parties may also designate any Confidential Information as "Confidential – Restricted Distribution," viewable only by counsel, the Court, Court staff, court reporters, including stenographers and video technicians, transcribing proceedings in this action, and mediators or other ADR professionals retained or appointed to assist in the resolution of this action.

5. Any documents or other information designated as "Confidential – Restricted Distribution," copies thereof, and the information contained therein shall not be disclosed or disseminated to any other officers, directors, shareholders, employees, or any other representatives of any receiving party, except to the author or

2.
PDF created with pdfFactory trial version www.pdffactory.com

addressee or prior recipients of a document designated as "Confidential – Restricted Distribution."

      6.     The parties may designate any documents or other information containing Confidential Information as "Confidential" or "Confidential – Restricted Distribution," in accordance with the following procedures:

          (a)    Documents may be so designated by stamping copies of the documents with the legend "CONFIDENTIAL" or "CONFIDENTIAL – RESTRICTED DISTRIBUTION." Stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL – RESTRICTED DISTRIBUTION" on the cover of any multi-page document shall designate all pages of the document as protected, unless otherwise indicated by the producing party.

          (b)    Documents or other information also may be designated as "Confidential" or "Confidential – Restricted Distribution" by providing written notice of such to the party to whom the documents or other information are produced, in which event the notice shall list and reference any affected documents by Bates numbers, or, if not available, by description and page number.

          (c)    Testimony taken at a deposition, conference, hearing or trial may be designated as "Confidential" or "Confidential – Restricted Distribution" by making a statement to that effect on the record at the deposition or other proceeding either before, during, or after the testimony. Arrangements shall be made with the court reporter transcribing such proceeding to separately bind such portions of the transcript containing designated information, and to label such portions accordingly. When depositions, conferences, hearings, or trials, or portions thereof, are designated as "Confidential" or "Confidential – Restricted Distribution," counsel shall use such

PDF created with pdfFactory trial version www.pdffactory.com

|    |    |    |
|----|----|----|
| 1  |    | Confidential Information discussed therein only as provided for in |
| 2  |    | this Order.  All persons present at such proceedings when such |
| 3  |    | Confidential Information is involved are enjoined from disclosing |
| 4  |    | to any other person the testimony or other discussion regarding |
| 5  |    | such material, except as permitted herein.  Where appropriate, the |
| 6  |    | parties may exclude from depositions, conferences, hearings, or |
| 7  |    | trials any person who is not authorized by this Order to receive |
| 8  |    | documents or other information designated as "Confidential" or |
| 9  |    | "Confidential – Restricted Distribution."  Such right of exclusion |
| 10 |    | shall apply only during those portions of the proceedings directed |
| 11 |    | to or comprising information designated "Confidential" or |
| 12 |    | "Confidential – Restricted Distribution." |
| 13 | (d) | Confidential Information disclosed in a non-paper medium (e.g., |
| 14 |    | video tape, audio tape, computer disk, etc.) may be designated as |
| 15 |    | "Confidential" or "Confidential – Restricted Distribution" by |
| 16 |    | affixing one of these designations to the outside of the medium or |
| 17 |    | its container, or by written notice as specified in subparagraph |
| 18 |    | 5(b), above. |
| 19 | (e) | Inadvertent failure to designate documents or other information as |
| 20 |    | protected may be corrected by supplemental written notice given |
| 21 |    | as soon as practicable.  Late notice, however, does not restore |
| 22 |    | confidentiality in the event the document or other information has |
| 23 |    | already been disclosed to others falling outside the scope of the |
| 24 |    | "Confidential" or "Confidential – Restricted Distribution" |
| 25 |    | designations. |

   7.   Any party may challenge a "Confidential" or "Confidential – Restricted
Distribution" designation if: (a) the documents or information do not constitute
Confidential Information; or (b) counsel believes, in good faith, that disclosure to

4.
PDF created with pdfFactory trial version www.pdffactory.com

otherwise unauthorized persons will assist with investigating the facts or in preparing a claim or defense. Any party may bring such a challenge in accordance with the following procedures:

    (a) Any party challenging the "Confidential" or "Confidential – Restricted Distribution" designation (the "challenging party") must first notify counsel for the other party (or any third party whose privacy interests are affected by the challenge) of its challenge. The notice must be in writing and must specifically identify the documents or other information subject to the challenge. The notice must also specify which of the two reasons set forth in Paragraph 6 above supports the challenge and must provide sufficient factual and legal information about the challenge for a response.

    (b) Within twenty-one (21) calendar days of receiving the written notice, the party designating the documents or other information as "Confidential" or "Confidential – Restricted Distribution" (the "designating party") must submit a written response to the challenging party specifying the basis for the designation. If the challenge is premised upon a party's good faith efforts to investigate the facts or prepare a claim or defense, the designating party may provide additional factual information or may propose a limited disclosure to the challenging party to obviate the need to disclose the documents or other information to otherwise unauthorized persons.

    (c) If the challenging party is not satisfied with the designating party's written response, or does not receive the written response, the challenging party may, within twenty-one (21) days of receipt of the written response from the designating party or after the

5.
STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

|   |   |   |
|---|---|---|
| 1 |   | deadline for the written response, file an appropriate motion with the Court seeking an Order removing the "Confidential" or "Confidential – Restricted Distribution" designation from the information or materials. |
| 5 | (d) | The challenging party may not disclose the documents or other information in dispute to otherwise unauthorized persons until after receipt of the Court's ruling on the motion. |
| 8 | (e) | The time deadlines provided in the foregoing subparagraphs of Paragraph 6 are not intended to preclude a party from securing an extension of time from the other party or the Court in appropriate circumstances. |
| 12 | (f) | Federal law shall govern the appropriate burdens of proof and persuasion applicable to the discoverability of any documents or other information in dispute. |

8. Documents or other information designated as "Confidential" may be disclosed to the persons described in Paragraph 3 only to the extent necessary for purposes of this action, and each person described in subparagraphs 3(b) and (g) shall, prior to such disclosure, first have signed a counterpart to the Confidentiality Agreement attached hereto as Exhibit A, acknowledging that he or she has read this Order, has agreed to be bound by it and will not disclose Confidential Information to anyone else except as permitted herein, and will not use such material for any purpose other than trial or motion preparation, trial, or appeal of this action. Each such counterpart of Exhibit A shall be maintained by counsel making the disclosure to such person and shall be made available to any party requesting access thereto at any time. Disclosure of Confidential Information to an expert or consultant under Paragraph 3 shall not constitute a designation of the person as an expert whose opinions may be presented at trial.

9. Documents or other information designated as "Confidential – Restricted

PDF created with pdfFactory trial version www.pdffactory.com

Distribution" may be disclosed to the persons described in subparagraphs 4(a) & (b) only to the extent necessary for purposes of this action, and each person identified therein shall, prior to such disclosure, first have signed a counterpart to the Confidentiality Agreement attached hereto as Exhibit A, acknowledging that he or she has read this Order, has agreed to be bound by it and will not disclose documents or other information designated as "Confidential – Restricted Distribution" to anyone else except as permitted herein, and will not use such material for any purpose other than trial or motion preparation, trial, or appeal of this action. Each such counterpart of Exhibit A shall be maintained by counsel making the disclosure to such person and shall be made available to any party requesting access thereto at any time.

10. No party shall submit to the Court any documents or other information designated as "Confidential" or "Confidential – Restricted Distribution" except in a separate envelope or other appropriate container, sealed and labeled with the caption of this case and the notation "Filed Under Seal," and pursuant to the procedures set forth in Local Rule 39-1411. The Clerk shall maintain the confidentiality of these documents. Such material shall be made available only to (a) the Court; (b) court personnel; and (c) counsel for the parties to this action. Information deemed "Confidential" or "Confidential - Restricted Distribution" filed with the Court in connection with motions or other filings need not be filed under seal, if prior to such filings, the parties, through their respective counsel, so agree and such agreement is confirmed in writing. Any such agreement is not intended to, and shall not, constitute a waiver or release of any rights or obligations under this Stipulation with respect to the Confidential Information. Prior to using any Confidential Information in open court, counsel will meet and confer with the party producing the protected material to discuss whether the use of the protected material can be avoided. Any disputes will be resolved by the Court.

11. "Confidential" or "Confidential – Restricted Distribution" material subject to this Order, including all copies, extracts and summaries thereof and all

7.
STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

documents containing information taken therefrom, shall remain in the custody of counsel. All such documents and information shall be used by the party receiving them solely for the purpose of preparing this case or appealing this case, or for any alternative dispute resolution proceeding mutually agreed upon by the parties, or generally in connection with this litigation, and for no other purpose whatsoever, unless otherwise required by law. Without limitation, no person receiving Confidential Information shall use it in any other proceeding, unless otherwise required by law. Material designated as "Confidential" or "Confidential – Restricted Distribution" shall not be used for any business, competitive, campaigning, propaganda, or other purpose, and shall not be disclosed to any person or entity, except as expressly provided herein.

12. Upon final termination of this action (including all appeals) with respect to any party receiving any Confidential Information through discovery, including without limitation any documents or other information designated as "Confidential" or "Confidential – Restricted Distribution," the receiving party shall, within thirty (30) days of a written request from another party, return to the designating party or destroy all Confidential Information obtained through discovery, including without limitation any documents or other information designated as "Confidential" or "Confidential – Restricted Distribution" which is in its possession, excepting only attorney-generated memoranda and pleadings which may be retained by counsel to the receiving party and which shall remain subject to all other restrictions of this Order. In either event, the receiving party shall certify the return or destruction of all such information.

13. If documents or other information designated as "Confidential" or "Confidential – Restricted Distribution" is requested in a subpoena or other process by someone who is not a party to this action, the party to whom the subpoena or other process is directed shall immediately give written notice to each person that has designated the information as "Confidential" or "Confidential – Restricted Distribution" and shall not produce the documents or other information until the

PDF created with pdfFactory trial version www.pdffactory.com

1  earlier of 15 days after providing notice or the return date of the subpoena or other
2  process.  The party shall not disclose any documents designated as "Confidential" or
3  "Confidential – Restricted Distribution" if the other party challenges or objects to the
4  subpoena, absent a Court Order directing disclosure of the material.

5       14. This Order shall in no way affect the right of any person (a) to withhold
6  information on grounds of immunity from discovery such as, for example,
7  attorney/client privilege or work product; or (b) to raise or assert any objections
8  heretofore or hereafter raised or asserted, including but not limited to defenses or
9  objections with respect to the use, relevance or admissibility at trial of any evidence,
10 whether or not comprised of information or documents furnished subject hereto.

11      15. Nothing in this Order shall prevent a party from any use of his or her
12 own "Confidential" or "Confidential – Restricted Distribution" material.

13      16. Nothing in this Order shall be construed to create rights in any person not
14 a party to this litigation except to the extent such person is a disclosing entity
15 hereunder.

16      17. The parties agree that this Order shall be effective from the date on
17 which it is executed by counsel for the parties and shall apply and be enforceable from
18 that date forward with respect to all pre-trial proceedings in this matter, including
19 documents or other information produced at any time after commencement of this
20 case.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

PDF created with pdfFactory trial version www.pdffactory.com

The Court retains jurisdiction during and after final disposition of this action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate or as may be requested by the parties.

**STIPULATED AND AGREED TO:**

DATED: January __, 2006          LORI A. BOWMAN
                                 GLORIA C. JAN
                                 OGLETREE, DEAKINS, NASH,
                                   SMOAK & STEWART P.C.


                                 By _____
                                          Lori A. Bowman

                                 Attorneys for Defendant Roche Laboratories Inc.

DATED: January __, 2006          ETAN E. ROSEN
                                 BEYER, PONGRATZ & ROSEN


                                 By _____
                                          Etan E. Rosen

                                 Attorneys for Plaintiff Douglas Sarubbi


### **ORDER**

GOOD CAUSE APPEARING,

IT IS HEREBY ORDERED that the foregoing Stipulated Protective Order by the parties is approved and shall govern the proceedings in this action.

Dated: February 16, 2006.

                         /s/ JOHN F. MOULDS
                         United States Magistrate Judge

PDF created with pdfFactory trial version www.pdffactory.com

# EXHIBIT "A"

# CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that:

(a) I have received a copy of the Stipulated Protective Order ("Order") entered in this action by United States District Court for the Eastern District of California;

(b) I have either read the Order and/or have had the terms of the Order explained to me by an attorney;

(c) I understand the terms of the Order and agree to comply with and to be bound by such terms;

(d) I may receive documents or other information designated as "CONFIDENTIAL" or "CONFIDENTIAL – RESTRICTED DISTRIBUTION" and understand that such documents and other information are provided to me pursuant to the terms and restrictions of the Order;

(e) I agree to hold in confidence any documents and other information disclosed to me pursuant to the terms of the Order; and

(f) I hereby submit myself to the jurisdictions of the United States District Court for the Eastern District of California for resolution of any matters pertaining to the Order.

Signature: _____

Date: _____

11.
STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com